OPINION
{¶ 1} Plaintiff-appellant, Denise Shoemake, appeals a judgment of the Clermont County Court of Common Pleas in favor of defendant-appellee, Donald L. Hay, M.D. ("Dr. Hay"), after a jury trial in a medical malpractice case. Specifically, appellant disputes two evidentiary rulings by the trial court. Because we find that the trial court did not abuse its discretion in making either of the two evidentiary rulings, we affirm the trial court's decision.[1]
 {¶ 2} In November 1998, Dr. Hay, a doctor specializing in obstetrics and gynecology ("OB/GYN"), performed a dilation and curettage procedure on appellant at Clermont Mercy Hospital after discovering that appellant had suffered a miscarriage. Following the operation, appellant experienced nausea, as well as pain and bleeding in her pelvic area. In addition, appellant's uterus was perforated. Following a blood transfusion, appellant was discharged from the hospital.
 {¶ 3} Appellant returned to the hospital three days later complaining of severe pain. Dr. Hay then discovered that a large hematoma, or blood clot, had formed in appellant's left pelvic area. Due to the possible harmful effects of the hematoma, Dr. Hay removed appellant's left ovary and left fallopian tube.
 {¶ 4} Several weeks later, appellant went to the emergency room at Anderson Mercy Hospital complaining of severe abdominal pain. Dr. Nancy Simon examined appellant and then referred her to Dr. Joseph Scalfani, an OB/GYN specialist. Upon examining
appellant, Dr. Scalfani discovered that appellant had developed severe pelvic adhesions, rendering her right ovary non-viable. After reviewing the surgical options with appellant, Dr. Scalfani performed a hysterectomy on appellant, removing her uterus, right ovary, and right fallopian tube.
 {¶ 5} In May 2000, appellant filed a complaint against Dr. Hay. In the complaint, she alleged that Dr. Hay negligently cared for and treated her, necessitating the hysterectomy. After a trial, a jury found that Dr. Hay was not negligent in his care and treatment of appellant.
 {¶ 6} Appellant now appeals the jury verdict, raising two assignments of error.
ASSIGNMENT OF ERROR NO. 1
 {¶ 7} "The trial court erred to the prejudice of the plaintiff-appellant in not permitting plaintiff to question defendant regarding his two failed efforts to pass the OB-GYN Board Certification Examination after defendant testified he was board eligible; he trained physicians in order that they could pass the board certification exam; and he offered his expert opinion on the ultimate issue of his medical negligence."
 {¶ 8} In this assignment of error, appellant argues that the trial court should have allowed her to question Dr. Hay about his failed attempts to pass the OB/GYN board certification exam. According to appellant, questioning Dr. Hay about these failed attempts was relevant because such questioning related to his credibility.
 {¶ 9} The admission or exclusion of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon a showing of an abuse of that discretion. Renfro v.Black (1990), 52 Ohio St.3d 27, 32. The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Huffmanv. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 10} Evid.R. 611(B) provides as follows:
 {¶ 11} "Scope of cross-examination. Cross-examination shall be permitted on all relevant matters and matters affecting credibility."
 {¶ 12} The case of Keller v. Bacevice (Nov. 30, 1994), Lorain App. No. 94CA005812, 1994 WL 666992, dealt with the precise issue presented in this case. In Keller, the trial court did not allow a medical malpractice plaintiff to question the defendant doctor about his failure to pass the board certification examination in the sub-specialty of perinatology. On appeal, the plaintiff argued that she should have been allowed to question the doctor about his failed attempts because they were relevant to his credibility. The court of appeals disagreed, finding that the doctor was no less worthy of belief for having failed the exam. Id. at *2. Accordingly, the court determined that the doctor's failure to pass the examination was not relevant to his credibility or to the ultimate issue of whether or not he breached the standard of care. Id. Therefore, the court held that the trial court did not abuse its discretion.
 {¶ 13} This court followed Keller in the recent case of Nash v.Hontanosas, Clermont App. No. CA2001-02-027, 2002-Ohio-1741. In that case, we held that the trial court did not abuse its discretion by precluding questions on cross-examination about two doctors' failure to pass their board certification examination on the first attempt. We determined that such questioning was not relevant to the ultimate issue of whether a particular doctor breached the standard of care. See id. at ¶ 29. Citing Keller, this court also found that the alleged failures of the exam were not relevant to credibility because they did not make the doctors' testimony less worthy of belief. See id.
 {¶ 14} Other courts have similarly held. See Johnston v.University Mednet (Aug. 11, 1994), Cuyahoga App. No. 65623, 1994 WL 422274 at *12, overruled on other grounds, (trial court did not abuse its discretion in finding that questions on cross-examination about doctor's failure to pass board certification exam in pediatrics were not relevant to competency or credibility).
 {¶ 15} We follow Keller, Hontanosas, and Johnston, and overrule appellant's first assignment of error. Whether or not Dr. Hay failed his OB/GYN board certification exam is not relevant to his credibility or to the ultimate issue of whether he violated the standard of care. The fact that Dr. Hay failed the OB/GYN certification exam does not make his testimony less worthy of belief. His non-certification in OB/GYN goes to the weight of his testimony. The jury had before it the information that, while Dr. Hay was a board-certified physician, he was not board certified in the sub-specialty of OB/GYN. The jury also had before it the information that two other doctors, Dr. Scalfani (appellant's witness) and Dr. Straubing (Dr. Hay's witness) were board certified in OB/GYN. Thus, the jury could determine how much weight to give the testimony of these doctors, taking into account the difference in their qualifications.
 {¶ 16} For the above reasons, appellant's first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 17} "The trial court erred by prohibiting plaintiff from cross-examining defendant as to his loss of hospital admitting privileges due to defendant's poor patient record keeping."
 {¶ 18} In this assignment of error, appellant again argues that the trial court should have admitted evidence allegedly relevant to credibility. Specifically, appellant argues that she should have been allowed to question Dr. Hay about his loss of privileges at another hospital due to poor record keeping.
 {¶ 19} The record reveals that some time in 1997 or 1998, officials at Anderson Mercy Hospital temporarily suspended Dr. Hay's hospital privileges because Dr. Hay had not timely signed certain medical records. We cannot say that the trial court abused its discretion by preventing appellant from questioning Dr. Hay about this matter. As we found with respect to appellant's first assignment of error, the questioning appellant sought was not relevant to Dr. Hay's credibility or to the ultimate issue of whether or not Dr. Hay breached the standard of care in this case.
 {¶ 20} Because we find no abuse of discretion, we overrule appellant's second assignment of error.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Appellant's husband, Joseph Shoemake, is also a plaintiff-appellant in this matter based on his loss of consortium claim. When using "appellant," we refer to appellant, Denise Shoemake. In light of our ultimate ruling, Joseph Shoemake's consortium claim, as a derivative cause of action, cannot proceed alone. See Morgan v. TaftPlace Med. Ctr., Inc. (June 8, 1998), Butler App. No. CA97-12-226, 1998 WL 295560 at *5.